RECEIVED
IN MONROE, LA

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor ) | |
| United States Department of Labor ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | C.A. No. |
| ) | CV05-1730-M |
| ROOFMASTERS, LLC dba ROOFMASTERS OF ) | |
| AMERICA; ) | |
| ROOF MASTERS OF AMERICA LTD; ) | |
| ROOF MASTSERS OF AMERICA, LTD, LLC; ) | |
| ROOF MASTERS OF AMERICA LLC; ) | |
| ROOF MASTERS OF AMERICA; ) | |
| ROOF MASTERS OF N. AMERICA LTD; ) | |
| ROOF MASTERS OF N. AMERICA, ) | |
| LLC dba RMA; ) | |
| ROOF MASTERS OF N. AMERICA, LLC ) | |
| ROOFMASTERS OF NORTH AMERICA, ) | |
| LLC dba RMA; ) | |
| RONALD GREGORY; ) | |
| CRAIG GREGORY; and ) | |
| SUSAN GREGORY OTWELL ) | |
| ) | |
| Defendants. ) | |

## CONSENT JUDGMENT

Plaintiff has filed her complaint and defendants without admitting they have violated any provision of the Fair Labor Standards Act of 1938 have agreed to the entry of judgment without contest. It is, therefore, upon motion of the plaintiff and for cause shown,

ORDERED, ADJUDGED and DECREED that defendants, their officers, agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of the persons employed by them, and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations issued by the Administrator of the Employment Standards Administration, United States Department of Labor (29 C.F.R. Part 516).

3. It is further ORDERED, ADJUDGED and DECREED that the defendants be enjoined and restrained from withholding overtime compensation in the total amount of $ 55,413.26, including interest computed at the rate of two percent which the Court finds is due under the Act to defendants' employees named in Exhibit "A" for the period from January 15, 2003 to January 15, 2005. To comply with this provision of this Judgment defendants shall deliver to the plaintiff three cashier's or certified checks payable to "Wage and Hour-Labor" mailed to JP Morgan Chase U.S., DOL WH-SW Region, PO Box 880905, Dallas, Texas 75388-0905 in the amounts and the times herein set forth:

First installment payment, in the amount of $27,500.00, is due and payable on June 1, 2006. The second installment payment, in the amount of $13,956.63 is due and payable on December 1, 2006. The third and final installment payment, in the amount of

$13,956.63, is due and payable on June 1, 2007.

From the proceeds of said payments, plaintiff shall make appropriate distribution to the employees named herein or to their estate if necessary, in the respective amounts due said employees, less income tax and social security deductions. In the event that any of said money cannot be distributed and paid over by plaintiff within the period of three (3) years after payment in full pursuant to this judgment because of inability to locate the proper persons or because of their refusal to accept such sums, the money shall be deposited with the Treasurer of the United States.

It is further ORDERED, that in the event of default by the defendant in the payment of any of the three installment payments, the total balance remaining unpaid shall then become due and payable and interest shall be assessed against such remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

It is further ORDERED that the right of any and all of defendants' employees not specifically named in Exhibit A attached hereto to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. §216(b), shall be restored and that neither the filing of this action nor the entry of this judgment shall be a bar to such action and that the statute of limitations in such action shall be deemed tolled during the pendency of this action. The parties agree that the instant action is deemed to cover the period from January 15, 2003, to the date that the Defendants sign this Consent Judgment.

The parties therefore agree that the filing of this action and provisions of this judgment shall not be interpreted so as to prejudice or preclude the legal rights of the Secretary of Labor or of any employees of defendants in any action filed by the Secretary of Labor or by such employee

under the Act covering violations alleged to have occurred after the date that Defendants sign this Consent Judgment.

It is further ORDERED that each party agrees to bear his or her own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 15 day of June, 2006.

*Robert G. James*
UNITED STATES DISTRICT JUDGE

4

Defendants waive
their defenses to plaintiff's
complaint and consent to
the entry of this judgment:

Agreed to this 26 day of May,
2006.

ROOFMASTERS, LLC dba
ROOFMASTERS OF AMERICA;
ROOF MASTERS OF AMERICA LTD;
ROOF MASTERS OF AMERICA, LTD, LLC;
ROOF MASTERS OF AMERICA LLC;
ROOF MASTERS OF AMERICA;
ROOF MASTERS OF N. AMERICA LTD;
ROOF MASTERS OF N. AMERICA,
      LLC dba RMA;
ROOF MASTERS OF N. AMERICA, LLC;
ROOFMASTERS OF NORTH AMERICA,
LLC dba RMA;

_____
ANDREW P. TEXADA
Attorney
Law Offices of Stafford, Stewart & Potter
Post Office Box 1711
Alexandria, LA 71309
Tele: (318) 487-4910
Fax: (318) 487-9417

Attorney for Defendants.

_____
RONALD GREGORY
357 Fontana Road
Monroe, LA 71203

Plaintiff moves for entry
of this judgment:

Agreed to this 6th day of June,
2006.

HOWARD M. RADZELY
Solicitor of Labor

WILLIAM E. EVERHEART
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

_____
COLLEEN B. NABHAN
Attorney
U.S. Department of Labor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Tele: (972) 850-3100
Fax: (972) 850-3101

Attorneys for Plaintiff.

_____
CRAIG GREGORY
357 Fontana Road
Monroe, LA 71203

_____
SUSAN GREGORY OTWELL
357 Fontana Road
Monroe, LA 71203

RSOL 05-01294